McKinney, J.,
delivered the opinion of the court.'
By the act of 1843, ch. 32, a surety or endorser, in order to entitle himself to compel the officer to exhaust the property of the principal debtor, before proceeding against his property, must, on the trial of the case, establish the fact of his relation as surety or endorser; and such relation must be recited in the judgment and execution, by the court, or justice of the peace trying the cause. If this be not done, the surety or endorser may be proceeded against in the first instance, by the sheriff or officer having process in his hands.
The judgment and execution in the present case against Turner and Stuart, show no such relation of principal and surety between the defendants ; ánd, therefore, Stuart is liable as a principal debtor; and, upon the facts in this record, Beeler, the stayor of the judgment, would have the right to require that the property of the former should be exhausted before proceeding against his property.
But notwithstanding this, the certiorari, was properly dismissed, upon the ground that it was prematurely sued out.
The officer had made no levy on the property of the stayor; but, as the petition shows, had, at most, only given cause to the latter to apprehend that he would do so. Until actual levy upon his property, the stayor had no legal ground of complaint.
The certiorari and supersedeas, in a case like the present, are used to remedy an injury or wrong actually done, and not as a proceeding quia timet, to prevent the doing of an anticipated wrong or injury. In this case, the judgment of the circuit court must be affirmed.